MEMORANDUM **
Rene Bello-Rodrigues, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) orders dismissing his motion to remand and his appeal from an immigration judge’s (“IJ”) decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003), and we review for abuse of discretion the denial of a motion to remand, Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir.2005). We dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the agency’s discretionary determination that Bello-Rodrigues failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005).
Bello-Rodrigues’ contention that the IJ violated due process by failing to include hardship to his daughter Stacey is not persuasive. Moreover, he has not established prejudice from the alleged violation. Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge). Similarly, his bias claim fails because the proceedings were not so fundamentally unfair that he was prevented from reasonably presenting his case. See id.
Bello-Rodrigues’ contention that the BIA violated its own regulations by allowing a single BIA member to decide the case is not persuasive. See 8 C.F.R. § 1003.1(e)(5)-(6).
Finally, the evidence Bello-Rodrigues presented with his motion to remand concerned the same basic hardship grounds as his application for cancellation of removal. See Fernandez v. Gonzales, 439 F.3d 592, 602-03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA’s discretionary determination that the evidence would not alter the IJ’s prior hardship determination. See id. at 600.
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.